IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:05CR3070 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| ERMES MORENO-MERAS, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the presentence investigation report and addendum in this case. Except for the defendant's objection (filing 52 ¶ 1) to the presentence report (PSR) because it enhances his offense level for use of minor and because it fails to grant him a mitigating role and except for the motion (filing 52 ¶ 2) for departure or variance based upon his efforts to cooperate, there are no objections or motions for departure or variance.

IT IS ORDERED that:

(1)    The undersigned will consult and follow the Guidelines to the extent permitted and required by <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-<u>Booker</u> departure theory; and (f) in cases where a departure using pre-<u>Booker</u> departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2)     The defendant's objections to use of a minor and role in the offense (filing 52 ¶ 1) will resolved at a 2-hour evidentiary hearing with sentencing to follow. (If need be, we will reschedule sentencing via a separate order.)  The motion (filing 52 ¶ 2) for departure or variance based upon cooperation is denied for the following reasons:

A.     Even if I accept the facts recited in the motion and accompanying brief (filing 53) as true, I would not exercise my discretion to depart or vary based upon the defendant's attempted, but ultimately fruitless, cooperation.  Neither the advisory Guidelines nor the other statutory goals of sentencing would be furthered by a lesser sentence on these facts.

B.     While not true in every case, in the vast majority of cases (including this one), the government's refusal to credit a defendant's attempted cooperation (by virtue of a departure motion) strongly weighs against selecting a sentence less than called for under the advisory Guidelines.

C.     To the extent that the Second Circuit's decision in <u>United States v. Fernandez</u>, 443 F.3d 19, 33-34 (2nd Cir. 2006)[1] is construed to mean that a defendant's cooperation, even if rejected by the government for a substantial assistance departure, is a proper factor to routinely consider under the "history and characteristics" portion of 18 U.S.C. § 3553(a) (or other portions of section 3553(a)), I respectfully reject the decision because (1) it is inconsistent with the law in the Eighth Circuit (for example, it fails to accord a sentence consistent with the advisory Guidelines the appropriate presumption of reasonableness); (2) the

---

[1]The Second Circuit affirmed the Guidelines-based sentence even though the district judge did not credit the defendant's cooperation.

decision is poorly reasoned; (3) it is not binding upon me.

(3)     Except to the extent (if at all) that I have reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5)     Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

July 14, 2006.                    BY THE COURT:

                                  s/ *Richard G. Kopf*
                                  United States District Judge

-3-